IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY DON MONDY, ID # 413958, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-2314-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 purportedly to challenge "Senate Bill 917" as applied to his life sentences imposed in Cause Nos. 14098 (murder conviction) and 14099 (aggravated kidnaping conviction) in Hunt County. Respondent is Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On January 17, 1986, petitioner pled guilty to murder and aggravated robbery in Hunt County and received a life sentence for each offense. On or about August 15, 2005, the Texas Board of Pardons and Paroles denied him parole and assessed a five-year setoff, making his next parole consideration for 2010. Petitioner thereafter unsuccessfully challenged the five-year setoff through the time-credit dispute and state habeas processes.

On December 14, 2006, the Court received the instant federal habeas action that petitioner filed pursuant to 28 U.S.C. § 2254. In his sole ground for relief, he claims that Senate Bill 917, which became effective January 1, 2004, is being applied to him in violation of the ex post facto clause of the Constitution.

## II.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254(a) of Title 28 of the United States Code directs the courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory committee Notes).

Petitioner claims that Senate Bill 917 violates the ex post facto clause. Article I, § 10, of the United States Constitution prohibits a State from passing any "ex post facto Law." To constitute a violation of the Ex Post Facto Clause, a change in law "must be both retroactive and to a prisoner's

detriment." *See Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997); *see also Lynce v. Mathis*, 519 U.S. 433, 441(1997) ("To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime.")

> Finally, even if a law operates to the defendant's detriment, the ex post facto prohib-
> ition does not restrict "legislative control of remedies and modes of procedure which
> do not affect matters of substance." Hence, no ex post facto violation occurs if the
> change in the law is merely procedural and does "not increase the punishment, nor
> change the ingredients of the offence or the ultimate facts necessary to establish
> guilt."

*Miller v. Florida*, 482 U.S. 423, 433 (1987) (citations omitted).

The Southern District of Texas has held that Senate Bill 917, codified at Tex. Gov't Code Ann. § 508.141(g), does not violate the ex post facto clause. *See Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460, at *1-2 (S.D. Tex. Aug. 24, 2005). It found that Senate Bill 917 "merely changes the rules governing the timing of subsequent parole reviews," and that "[u]nder Texas law, the Board has always had wide discretion in determining when and which eligible inmates they should release to parole." *Id.* at *2. The Fifth Circuit has previously found that statutory changes to the timing of parole reviews does not violate the prohibition on ex post facto legislation. *See Creel v. Kyle*, 42 F.3d 955, 956-57 (5th Cir. 1995) (addressing statutory predecessor to § 508.141(g) as applied to a 1971 conviction).

Based upon the above-cited case law, the Court finds that Senate Bill 917 does not violate the ex post facto clause of the Constitution.

3

## III.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 19thth day of December, 2006.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE